Eastern District of Kentucky
FILED
April 29, 05 (MES)
2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-178-KKC

RODOLFO LOPEZ-GALDAMEZ                                PETITIONER

V.                  **MEMORANDUM OPINION AND ORDER**

D. L. STINE, Warden                                             RESPONDENT

\* \* \* \* \*

Rodolfo Lopez-Galdamez, an individual currently incarcerated in the United States Penitentiary-McCreary in Pine Knot, Kentucky, has submitted a *pro se* petition for writ of habeas corpus and paid the district court filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## CLAIMS

The petitioner claims that (1) his sentence was illegally enhanced by the Court, not by a jury, in violation of the Sixth Amendment and recent Supreme Court decisions; and (2) he is actually innocent of a prior aggravated felony which the Court used to enhance his sentence.

## ALLEGATIONS OF THE PETITION

The petitioner has submitted a petition form and several attached handwritten pages [Record No. 1]. The following is a summary or construction of the allegations contained therein.

The petitioner states that in 1994, he was convicted of selling 3.2 grams of marijuana to an undercover agent for $20.00, a crime which was a "minor felony," not an "aggravated felony." He served 4 years in prison for this conviction.

In 2002, in the United States District Court for the Western District of New York, he entered into a plea agreement and was convicted of being found in the United States after previously having been deported, in violation of 8 U.S.C. §§1326(a) and (b)(2). On September 12, 2002, he was sentenced to 77 months' imprisonment. The petitioner states that he appealed, based on the misapplication of the sentencing guidelines, but the Second Circuit dismissed his appeal for lack of jurisdiction on June 30, 2003. He also states that he did not file any other challenges to his conviction or sentence.

A reading of the opinion written on the petitioner's direct appeal, *United States of America v. Rodolfo Lopez-Galdamez*, 68 Fed.Appx. 248 (2nd Cir.), *cert. denied*, 540 U.S. 995 (2003) (unpublished), reveals that he therein argued "that the district court erred in denying his motion for a downward departure on the ground that his criminal history category substantially over-represented the seriousness of his criminal history." *Id*. Also, the appellate court did not dismiss for lack of jurisdiction but affirmed the sentence, finding that the defendant "offered no support for the proposition that it is improper for a district court to consider a defendant's prior arrest record when deciding a motion seeking a downward departure on the ground that the defendant's criminal history is over-represented." *Id*. at 249.

The petitioner claims herein that the federal court in New York, without a jury and acting as its own fact-finder, raised the petitioner's prior California conviction to the level of an aggravated felony. This increased the petitioner's base-level offense, added enhancement points, and made him a career criminal. He ended with an imprisonment range of 77 - 96 months and was sentenced at the bottom of that range.

2

## DISCUSSION

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Because he instant petitioner's claim relates to the sentence imposed by the federal district court in the Western District of New York, the claim is not ordinarily a cognizable claim for this Court under 28 U.S.C. §2241.

In highly exceptional circumstances, a federal prisoner may challenge his sentence before the district court in the district of his incarceration, rather than going to the trial court with a §2255 motion. This is based on certain language in the fifth paragraph of 28 U.S.C. §2255, which provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner's establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit has set out the threshold which must be met by §2241 petitioners who wish the Court in the district of their confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the trial court pursuant to §2255. The appellate court has required first that a petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will

3

meet this standard. 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence," as did Petitioner Martin. 319 F.3d at 804-05.

The Court finds that Petitioner Lopez-Galdamez has failed to establish either one of the two prerequisites for use of §2241. As to whether his remedy by motion to the trial court is inadequate or ineffective, the record shows that he could have raised the severity of the California crime to the trial court at the time of his sentencing, and perhaps he did. On direct appeal, he could have, and evidently did, raise the instant claim as part of his challenge therein that "his criminal history category substantially over-represented the seriousness of his criminal history." By his own admission, he did not even file a §2255 motion to the trial court; nor does he allege that he even attempted to do so. In short, the petitioner had many opportunities to raise his claim in a timely manner, and this fact defeats any claim that a §2255 motion is inadequate or ineffective to challenge his sentence.

Nor does he present the second of the requirements for this Court to entertain the merits of his claim. His claim is not one of actual innocence of the crime for which he was convicted and sentenced in the United States District Court for the Western District of New York. Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), the Supreme Court of the United States therein writing, "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court went on, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment. See Hernandez-Escarsega v.*

4

*Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same).

At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant petitioner "is innocent . . . only in the technical sense." *Id.* at 609. When confronted with a similar claim in this circuit, in *Ward v. Snyder*, 238 F.3d 426, 2000 WL 1871725 (6th Cir. 2000) (unpublished), the appellate court in this circuit cited to *Bailey* and *Charles v. Chandler* and noted that one of Petitioner Ward's failures therein was that he did not "cite to any intervening change in the law which reflects that he may be actually innocent of his crimes." *Id.* at **2. In fact, the Sixth Circuit wrote, "it is unclear whether and to what extent someone like [the petitioner] can show actual innocence in relation to his claims that challenge the imposition of his sentence." *Id.* Additional Sixth Circuit opinions are consistent with the analysis and result herein. *See Szabo v. Snyder*, 83 Fed.Appx. 738, 2003 WL 22976633 (6th Cir. 2003) (unpublished); *Leon v. Hemingway*, 53 Fed.Appx. 353 (6th Cir. 2002) (unpublished).

Therefore, the instant petitioner having failed to pass the threshold of demonstrating both that his remedy by a §2255 motion to the trial court is inadequate and ineffective and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, his petition must be denied and his cause dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

5

(1)   Petitioner Lopez-Galdamez's petition for writ of habeas corpus is **DENIED**.

(2)   This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 28th day of April, 2005.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**